# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN SOCORRO DELGADILLO, | 1:12-cv-00703 GSA |
| Plaintiff, | **NOTICE TO COUNSEL FOR PLAINTIFF** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

On May 1, 2012, Plaintiff Carmen Socorro Delgadillo filed a complaint with this Court alleging she had been wrongfully denied Social Security benefits. (Doc. 2.) On May 31, 2012, Plaintiff filed proof of service of the summons and complaint upon Defendant Michael J. Astrue, Commissioner of Social Security, indicating service of process was effected on May 18, 2012. (*See* Doc. 6.)

Related thereto, on October 1, 2012, this Court issued an Order to Show Cause to the Commissioner regarding his failure to timely file the administrative record in this matter. (Doc. 11.) On October 4, 2012, the Commissioner responded to the Order to Show Cause. In his response, the Commissioner advised that service of process was not in fact executed until June

19, 2012, a difference of thirty-two days after the date asserted by Plaintiff.  (*See* Doc. 12.)  The difference in these dates - May 18, 2012 or June 19, 2012 - is important for purposes of calculating the deadline by which the Commissioner must file the administrative record.  Because Plaintiff claimed she effected service of process on May 18, 2012, the Court calculated the deadline by which the administrative record must be filed to be September 15, 2012 (5/18/12 + 120 days = 9/15/12).  However, the Commissioner has provided documentation in support of his assertion that service of process was not effected until June 19, 2012 (*see* Doc. 12-1 at 2), thus making the relevant deadline October 17, 2012.

In light of the foregoing significant discrepancy, coupled with the fact this Court has previously issued an Order to Show Cause directed to Plaintiff for her failure to timely file a consent/decline form, the Court directs Plaintiff's counsel's attention to the following:

1.  It is counsel's obligation to ensure an amended proof of service is filed with the Court so that the Court's docket accurately reflects the date upon which service of process was effected.  In other words, if Plaintiff's counsel learned that the service attempted May 18, 2012, was not proper, and he was required to re-serve the summons and complaint, it was his obligation to file documentation with the Court reflecting that proper service in fact occurred on June 19, 2012, rather than May 18, 2012;

2.  Additionally, Plaintiff's counsel shall take note of the fact that his client's opening brief is now due to be filed with this Court on or before January 7, 2013 (10/4/12 [date the administrative record was lodged/filed] + 95 days = 1/7/13).  The Court expects the opening brief to be timely filed.

//
//
//

//

This Court has previously expressed concerns regarding counsel's failure to follow Court orders.  (*See* Docs. 8 &10.)  It is hoped that counsel will henceforth follow the applicable Federal Rules of Civil Procedure, the Local Rules, and this Court's orders, to avoid the potential for the imposition of monetary sanctions.

IT IS SO ORDERED.

Dated:   **October 5, 2012**               /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE